IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 06-CV-0511-CVE-FHM |
| | ) |
| JUSTIN JONES, Director of the Oklahoma | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is presently in custody of the Oklahoma Department of Corrections and appears in this matter *pro se*. Respondent filed a response (Dkt. # 12) to the petition and provided the state court records (Dkt. ## 13and 14) necessary for resolution of Petitioner's claims. Petitioner did not file a reply to the response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On May 13, 2002, Hope Morris was returning from work to her home at the Ashley Park Apartments, located in Tulsa, Oklahoma. As she tried to exit her car, a man pointed a gun in her face and demanded that she give him her keys. He took the keys from her hand. As she ran for help, she watched the man drive away in her car. About the same time, Tulsa Police Officer Larry Wolfe observed a vehicle with a burned out tag light turn onto East 71st Street. As Officer Wolfe began to initiate a traffic stop, the vehicle increased its speed, turned into a residential neighborhood, and attempted to elude the police by driving 60-70 m.p.h. while running stop signs in the neighborhood. The vehicle, later identified as the vehicle stolen from Hope Morris, came to a stop when it crashed

into a curb. The driver exited the vehicle and fled on foot. He was quickly apprehended and taken into custody. A police officer took the suspect to the victim who positively identified him as the man who took her car at gun point.

As a result of those events, Petitioner was charged with numerous crimes in Tulsa County District Court, Case No. CF-2002-2535. He proceeded to trial on three (3) charges: Eluding an Officer (Count A), Obstructing an Officer (Count B), and Robbery with a Firearm (Count C).[1] Petitioner was tried by a jury and found guilty on all three counts. The jury recommended that Petitioner be sentenced to four (4) years imprisonment on Count A, fined $500 on Count B, and sentenced to fifteen (15) years imprisonment on Count C. On November 15, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation, and ordered the sentences for Counts A and C to be served consecutively for a total term of imprisonment of nineteen (19) years. The nineteen (19) year consecutive sentence was ordered to be served concurrently with a federal sentence entered in the Western District of Louisiana. Petitioner was represented at trial by attorney Robert E. Frazier, III.

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Alecia Felton George. He raised four (4) claims as follows:

> Proposition 1: Mr. Johnson's convictions for eluding an officer and obstructing an officer violate both the federal double jeopardy clause and the Oklahoma statutory prohibition against double punishment.
>
> Proposition 2: Insufficient evidence was presented to support Mr. Johnson's conviction for felony eluding an officer. At most, the evidence showed Mr. Johnson guilty of misdemeanor eluding as the state presented no evidence to prove beyond

---

[1] Counts 1, 2, 3, 5, 6, and 7 as charged in the original Information were dismissed prior to jury trial, and Counts 4, 8, and 9 were identified at trial as Counts A, B, and C.

2

> a reasonable doubt that any other person was endangered by Mr. Johnson's actions.
>
> Proposition 3: The State presented insufficient evidence to support Mr. Johnson's conviction for Robbery With a Firearm.
>
> Proposition 4: In light of the numerous inconsistencies in the victim's testimony regarding the description of the perpetrator of the robbery, modification of Mr. Johnson's fifteen year sentence is warranted.

(Dkt. # 12, Ex. 1). On May 1, 2006, in an unpublished summary opinion entered in Case No. F-2004-1226 (Dkt. # 12, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court on Counts A and C, and reversed with instructions to dismiss the Judgment and Sentence on Count B, misdemeanor Obstructing an Officer. Petitioner did not seek post-conviction relief in the state courts prior to filing his petition for writ of habeas corpus.

On September 25, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner raises four (4) grounds of error, as follows:

> Ground 1: Conviction obtained by violation of privilege against double jeopardy.
>
> Ground 2: The conviction of petitioner for the Offense of Eluding an Officer is unconstitutionally infirm, as it was not proved beyond a reasonable doubt.
>
> Ground 3: The conviction of petitioner for the Offense of Robbery with a Firearm is unconstitutional, as it was not proved beyond a reasonable doubt.
>
> Ground 4: The sentence imposed upon petitioner herein is unduly harsh and excessive, and violates petitioner's due process rights.

(Dkt. # 1). In response to the petition, Respondent asserts that habeas corpus relief is either not cognizable or not warranted under the 28 U.S.C. § 2254(d) standard. See Dkt. # 12. Respondent has provided copies of the state court transcripts. See Dkt. # 14.

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case because Petitioner fairly presented all claims to the OCCA on direct appeal. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated each of Petitioner's grounds

on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### 1. Double jeopardy violation (ground 1)

As his first ground for relief, Petitioner asserts that his convictions for Eluding an Officer and Obstructing an Officer violate both the federal double jeopardy clause and the Oklahoma statutory prohibition against double punishment. On direct appeal, the OCCA found this claim to be meritorious and granted relief as follows:

> . . . Johnson's convictions for eluding an officer and obstructing an officer violate the Section 11 statutory prohibition against multiple punishment. That statute [Okla. Stat. tit. 21, § 11] provides that "an act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions . . . , but in no case can a criminal act or omission be punished under more than one section of law." If the charged crimes arise from one act, the section prohibits prosecution for more than one crime.
>
> Johnson carjacked Hope Morris's car. He then drive off at a high rate of speed after Officer Wolfe activated the lights and siren on his marked police vehicle in order to make a traffic stop. He ran several stop signs, and other cars were driving on those side streets. After wrecking Morris's car, Johnson immediately got out and fled on foot from Wolfe and two other officers, running through an apartment complex. He was convicted of eluding an officer for the car chase, and obstructing an officer for the foot chase.
>
> * * * * *
>
> After the carjacking, the only action Johnson took was flight. He used the two forms of transportation available to him -- car and foot -- without a break between the two. In this case, the two separate crimes (eluding, in a car, and obstructing, on foot) "truly arise out of one act" and cannot support two charges. This proposition is granted, and Count B, misdemeanor Obstructing an Officer, is reversed with instructions to dismiss.

(Dkt. # 12, Ex. 3 (footnotes omitted)).

In response to the petition, Respondent argues that as a result of the OCCA's ruling, this habeas claim has been rendered moot. The Court agrees. The OCCA's direction to dismiss Petitioner's conviction for Obstructing an Officer has rendered moot Petitioner's double jeopardy

5

claim as asserted in this action. Because the OCCA granted Petitioner all the relief to which he was entitled, this Court can grant Petitioner no further relief on his double jeopardy claim. See Stratmoen v. Ward, 248 Fed. Appx. 17, 20 (10th Cir. 2007) (unpublished). Habeas corpus relief on this claim shall be denied.

### 2. *Sufficiency of the evidence (grounds 2 and 3)*

As his second proposition of error, Petitioner challenges the sufficiency of the evidence supporting his conviction on the felony charge of Eluding an Officer. See Dkt. # 1. Petitioner argues, as he did on direct appeal, that there was insufficient evidence to show that his conduct endangered another person, as required for felony Eluding an Officer. See Dkt. # 1; Dkt. # 12, Ex. 1 at 12. As a result, Petitioner argued on direct appeal that the State presented evidence to support at most misdemeanor Eluding an Officer. (Dkt. # 12, Ex. 1). As his third proposition of error, Petitioner claims that the State produced insufficient evidence to support his conviction of Robbery with a Firearm. See Dkt. # 1. On direct appeal, Petitioner alleged that the testimony of the victim of the armed robbery was inconsistent and therefore insufficient to prove that he was the perpetrator of the crime. See Dkt. # 12, Ex. 1 at 17-23. In affirming Petitioner's convictions on direct appeal, the OCCA rejected these claims, finding as follows:

> We find in Proposition II that sufficient evidence supports Johnson's conviction for eluding an officer. We find in Proposition III that sufficient evidence supports Johnson's conviction for armed robbery.

(Dkt. # 12, Ex. 3 (footnotes omitted)).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claims, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

### a. Sufficient evidence supported conviction for felony Eluding an Officer

This Court looks to Oklahoma law for the substantive elements of the crime at issue for application of the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also

Jackson, 443 U.S. at 324 n. 16. The elements of Eluding an Officer are as follows: (1) a driver of a motor vehicle, (2) received a red light and siren from a peace officer, (3) showing the officer's vehicle to be an official police vehicle and directing the driver to bring his vehicle to a stop, (4) willfully attempted to elude the officer by increasing his speed, and (5) while attempting to elude the officer, (6) the driver endangered another person. See OUJI-CR (2d) 6-30 (citing Okla. Stat. tit. 21, § 540A(B)).

At Petitioner's trial, Officer Larry Wolfe testified that he observed a vehicle with a burned out tag light turn eastbound on East 71st Street. See Dkt. # 14, Tr. Trans. at 259. As he tried to perform a traffic stop, the vehicle increased its speed, turned into a residential neighborhood, and attempted to elude at speeds of 60-70 m.p.h. Id. at 260. Other vehicles were traveling on the neighborhood streets at the time. Id. The driver of the vehicle ran stop signs and continued driving at a high rate of speed until he crashed the car into a curb. Id. at 261-62. He then exited the car and fled on foot. Id. Officer Wolfe testified that his vehicle's lights and sirens were on throughout the pursuit. Id. The suspect was apprehended and placed into custody. Id. at 263. Officer Wolfe testified that the person apprehended was the same person who fled from the crashed vehicle. Id. at 264. He also identified the defendant, Anthony Johnson, as the suspect apprehended that night. Id. at 265. Officer Ronnie Leatherman was also involved in the high speed chase. Id. at 295. He testified that he followed Officer Wolfe in a marked vehicle and that his vehicle lights were on. Id. He confirmed that the vehicle traveled at a high rate of speed through a residential neighborhood. Id. at 295-96.

After viewing that testimony in the light most favorable to the prosecution, the Court finds that any rational trier of fact could have found the elements essential to the crime of Eluding an

Officer beyond a reasonable doubt. The Court specifically finds that there was sufficient evidence supporting the element necessary for a felony conviction. By driving 60-70 m.p.h. through a residential neighborhood and running stop signs when other vehicles were present, Petitioner endangered the safety of the police officers and other people. The Court finds that the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was not contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears, 343 F.3d at 1238-39.

### b. Sufficient evidence supported conviction for Robbery with a Firearm

Under Oklahoma law, the elements of Robbery with a Firearm are as follows: (1) wrongful; (2) taking; (3) carrying away; (4) personal property; (5) of another; (6) from the person of another; (7) by force and fear; (8) through use of a loaded or unloaded firearm or an imitation firearm capable of raising in the mind of the person threatened with such device a fear that it is a real firearm. See OUJI-CR (2d) 4-144 (citing Okla. Stat. tit. 21, §§ 791, 801).

Petitioner challenges the sufficiency of the evidence supporting his identity as the robber. He does not challenge the sufficiency of the evidence supporting any one element of the crime of Robbery with a Firearm. In support of his habeas claim, Petitioner alleges as follows:

> At trial, the sole witness to the offense of Robbery with a Firearm was the alleged victim Hope Morris. However, the victim's testimony regarding the perpetrator's physical description and clothing description did not match petitioner. Moreover, the victim testified that she intentionally did not look at the perpetrator of the robbery, and her description of the purported weapon used in the robbery is completely inconsistent with the weapon gun that was recovered in this case, and shown to the jury.

(Dkt. # 1). Those allegations identify deviations between the victim's description of the robber's height and his clothing, and Petitioner's actual height and the clothing he was wearing at the time, as well as deviations between the victim's description of the gun used during the robbery and the

9

gun recovered the night of the robbery. However, Petitioner does not contend that the State failed to prove any one element of the crime. As indicated above, the Court does not weigh conflicting evidence or consider witness credibility when evaluating the sufficiency of the evidence. Wingfield, 122 F.3d at 1332; Messer, 74 F.3d at 1013.  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs, 982 F.2d at 1487.

After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the elements of Robbery with a Firearm were demonstrated beyond a reasonable doubt.  Although the victim's description of the robber's height and weight did not exactly match Petitioner's height and weight[2] and she was not able to identify Petitioner as the robber at the time of trial because more than two (2) years had passed, see Dkt. # 14, Tr. Trans. at 237, the victim did testify that she was certain that the man the police officers brought back shortly after the robbery was the man who robbed her. Id. at 251. Petitioner was the man brought back to the victim for identification.  Id at 297-98.  Also, contrary to Petitioner's allegations, the victim testified that she did see the robber's face during the course of the robbery. Id. at 231.  After viewing the testimony and evidence presented at trial in the light most favorable to the prosecution, the Court finds that any rational trier of fact could have found the elements essential to the crime of Robbery with a Firearm beyond a reasonable doubt. The Court finds that the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was not contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears, 343 F.3d at 1238-39.

---

[2]The victim testified that the robber was 5'3" to 5'6" tall and weighed 150 to 180 pounds. See Dkt. # 14, Tr. Trans. at 240.  At booking, Petitioner was 5'8" tall and weight 175 pounds. Id. at 265-66.

In summary, after viewing the evidence in the light most favorable to the prosecution, the Court finds the jury properly could have found the elements of both felony Eluding an Officer and Robbery with a Firearm. The Court concludes the evidence presented at Petitioner's trial was sufficient to sustain his convictions. Therefore, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on his challenges to the sufficiency of the evidence shall be denied.

### 3. Excessive sentence in violation of due process (ground 4)

As his fourth proposition of error, Petitioner alleges that his sentence is excessive and argues that "the numerous inconsistencies in the State's case clearly mitigate in favor of petitioner, and should have resulted in a downward modification of the 15 year term imposed by the trial court, based upon well established Oklahoma state case law." See Dkt. # 1. The OCCA considered and rejected this claim on direct appeal, finding as follows:

> . . . as there were no major inconsistencies in the eyewitness testimony supporting the convictions for robbery and eluding, no evidence supported an instruction on misdemeanor eluding, and the sentence for armed robbery is within the statutory range of punishment and supported by the record, no modification is necessary.

(Dkt. # 12, Ex. 3).

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set

by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on the Robbery with a Firearm conviction was life imprisonment. See Okla. Stat. tit. 21, § 801. The fifteen (15) year sentence received by Petitioner was within the statutory range provided by Oklahoma law. Therefore, the Court finds no basis for habeas corpus relief on Petitioner's excessive sentence claim.

Furthermore, to the extent Petitioner claims that the OCCA's refusal to modify his sentence resulted in a violation of federal due process, the Court finds no basis for relief. Without an independent federal constitutional violation, the OCCA did not infringe Petitioner's federal due process rights when it refused to modify his sentence under state law. Cf. Carbray v. Champion, 905 F.2d 314, 318 (10th Cir. 1990) (holding that it is not a violation of due process for a state court to exercise its discretion, under state law, to modify a sentence on appeal). Having determined above that Petitioner is not entitled to habeas corpus relief on his challenge to the sufficiency of the evidence resulting from the "inconsistencies" identified by Petitioner, the Court finds Petitioner has failed to demonstrate the existence of an independent constitutional violation. As a result, the OCCA's refusal to modify his sentence did not result in a due process violation. Petitioner is not entitled to habeas corpus relief on this claim.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter.

**DATED** this 4th day of September, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT